IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-01239-REB-MJW

LABNET, INC.,

Plaintiff,

v.

QUINTILONE & ASSOCIATES, et al.,

Defendants.

## ORDER REGARDING
## DEFENDANT RICHARD E. QUINTILONE D/B/A QUINTILONE & ASSOCIATES MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA; DECLARATION OF RICHARD E. QUINTILONE (DOCKET NO. 17)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court for consideration of Defendant Richard E. Quintilone d/b/a Quintilone & Associates Motion to Transfer Venue to the Central District of California; Declaration of Richard E. Quintilone (docket no. 17).  The court has reviewed the subject motion (docket no. 17) and the response (docket no. 19).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rule of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2. That venue is proper in the state and District of Colorado. Title 28 U.S.C. § 1391 governs venue selection. Venue is proper in this court because this case is based upon a federal question under the Lanham Act pursuant to 15 U.S.C. § 1121, *et seq.* Specifically, venue is established pursuant to 28 U.S.C. § 1391(b)(2) because the District of Colorado is where a substantial part of the events or omissions giving rise to the claims occurred;

3. That a transfer of venue is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought;"

4. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 17);

5. That the requirement of personal jurisdiction is an individual right which can be waived. *See* Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982);

6. That Defendant Quintilone has waived personal jurisdiction in this case by actively participating in the Rule 16 Scheduling Conference held before Magistrate Judge Watanabe on August 12, 2009. *See* record made in open court at the Rule 16 Scheduling Conference on August 12, 2009; Fed. R. Civ. Pl 12(h)(1); and F.D.I.C. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992); Williams

3

v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986); Pulse v. The Larry H. Miller Corp, 2005 WL 1563222 (D. Colo. June 20, 2005);

7. That the thrust of this lawsuit involves a federal question under the Lanham Act, and there are some additional Colorado state law claims plead in the Complaint;

8. That this court has subject matter jurisdiction over the federal trademark infringement, cybersquatting, false designation of origin, trademark dilution, and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b). This court also has supplemental jurisdiction over the Colorado state law claims pursuant to 28 U.S.C. § 1367(a). That the supplemental state law claims must be decided under Colorado law;

9. That a federal registration of a trademark provides constructive notice that a specific trademark is already claimed and notice of where the owner of the mark resides. Systems Designs, Inc. v. New CustomWare Co., Inc., 248 F. Supp 2d. 1093, 1098-99 (D. Utah 2003). A proper search by Defendant would have revealed to Defendants that the uniform resource locator (URL) www.worklaw.com and one WORKLAW® trademark were already federally registered and in use by Plaintiff, a Colorado Corporation. This information was and is available to the public, and thus the

4

United States District Court for the District of Colorado is a proper venue for this trademark infringement lawsuit;

10. That Plaintiff does not intend to survey California residents or call California residents as witnesses contrary to Defendant's allegations in the subject motion (docket no. 17). *See* page 5 paragraph c. in Plaintiff's Response (docket no. 19) to the subject motion;

11. That per the Rule 26(a)(1) disclosures, the only witness from California will be the Defendant Quintilone;

12. That Plaintiff's Rule 26(a)(1) Disclosures identity potential witnesses who reside in Oregon, Georgia, and Minnesota. None of these witnesses from Oregon, Georgia, and Minnesota are subject to compulsory process in California or Colorado. However, it appears that more of these witnesses are closer geographically to Colorado than California (i.e., closer to Denver, Colorado, versus Los Angeles, California);

13. That the Tenth Circuit has held that merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *See* Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)(citing ROC, Inc., Progress Drillers, Inc., 481 F. Supp. 147, 152 (W.D. Okla. 1979));

14. That the burden is on the party seeking the transfer to show that the existing forum is inconvenient. Chrysler Credit Corp. v. Country

5

Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991); Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978);

15. That Defendant has failed to meet his burden under Chrysler, *supra,* that the convenience to the parties and witnesses and the interest of justice would require that this case be transferred to the United States District Court for the Central District of California.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Richard E. Quintilone d/b/a Quintilone & Associates Motion to Transfer Venue to the Central District of California; Declaration of Richard E. Quintilone (docket no. 17) is **DENIED**;

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of October 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. DISTRICT COURT